■ SIMON H. RIFKIND, as Administrator of the Estate of HARRY KANTER, Deceased, Appellant, v SUCCESSFUL CREATIONS, INC., et al., Respondents.—Order, Supreme Court, New York County, entered May 14, 1975, denying plaintiff-appellant's motion for summary judgment in lieu of a complaint, unanimously affirmed. Respondents shall recover of appellant $60 costs and disbursements of this appeal. This action was commenced to recover on a series of five promissory notes dated June 21, 1972 and payable annually on June 21 of each succeeding year. The notes were part of an agreement by which respondent Successful Realty Corp. (Realty) bought out appellant's testator's stock interest in Realty. Subsequently a new series of negotiable notes payable annually in October, and in which the principal and interest payments were separated, were executed and delivered to appellant's testator's then attorney, but the notes have been lost or misplaced. Both series of notes contained acceleration clauses. Appellant claims Realty is in default for failing to pay the June 21, 1974 note when it became due, thus activating the acceleration clause and therefore the remaining unpaid balance on the June series of notes is now due. While not disputing its underlying obligation to pay, Realty maintains the parties intended the June series was to be canceled and the October series substituted in their place and stead. And the record contains support for this view for it is uncontroverted the October series was issued because the parties, by mutual agreement, had arranged for a different form and method of paying out the purchase price and agreed that October payments would be more convenient for each of them. Moreover, in the summer of 1974 appellant's testator asked for and thereafter, without dissent, acknowledged receipt of a part

payment "on account of the substitute note" which was due in October, 1974. Since Realty's version of the purpose of the October series of notes has some basis in the record a triable fact issue exists as to whether the June series, the notes being sued upon, are valid. Concur—Murphy, J. P., Lupiano, Lane and Yesawich, JJ.